Argued and submitted August 21, affirmed December 26, 2001

Ladawna MUNKS,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Sitel Corporation,
*Respondents.*

00-AB-0348; A109791

37 P3d 213

Gerald Brask argued the cause and filed the brief for petitioner.

Brendan C. Dunn, Assistant Attorney General, argued the cause for respondent Employment Department. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance for respondent Sitel Corporation.

Before Armstrong, Presiding Judge, and Edmonds* and Kistler, Judges.

---

* Edmonds, J., *vice* Van Hoomissen, S. J.

EDMONDS, J.

## EDMONDS, J.

Claimant seeks judicial review of a determination of the Employment Appeals Board (EAB) that she was not entitled to unemployment benefits. The EAB determined that claimant had voluntarily quit her job, and it denied her claim. Claimant contends that she was discharged by employer and is entitled to benefits under ORS 675.150. We affirm.

Claimant was referred by the Employment Department to defendant Sitel Corporation (Sitel) for potential employment. She had an interview at Sitel with Rick Dols, a supervisor, for a customer service position. She was not offered a customer service position, but Dols later called claimant and offered her a job as a data entry and human resources worker. Claimant testified that Dols made it clear that the job was a three-day, temporary job, intended to help Sitel with a specific need on a short-term basis. Claimant reported for work on the morning of November 22. She testified that it became apparent that the job was going to consist of three days of data entry work. The EAB found that claimant approached a supervisor, and that she asked if she could be transferred to a different type of job. She was told that her request would be discussed on November 24. Claimant waited several hours to be trained in data entry, was trained for half an hour, and then left for lunch. During the lunch hour, she called Sitel's human resources department and left a voice mail message, saying that she would not return to work because the job was not in her field of expertise, she thought employer had misrepresented the job description to her, and the workplace was too stressful.

In her claim for unemployment benefits, claimant stated:

> "I interviewed for automotive customer service. I was offered a Human Resource Assistant position to include interviewing. When I arrived I was told that they only had the need for me to do data entry (not my field of work). * * * I asked about the interviewing position and was told that it was only a temporary position and they needed me to do data entry because of my accuracy and there [*sic*] need to

make deadlines. * * * I asked to be transferred to another position and was told that they needed me to only do data entry at this time."

Sitel responded to her claim in writing, initially asserting that "[claimant] worked in the morning, went to lunch and never came back. We received a voice mail from her stating this wasn't the job for her and she couldn't come back." Claimant was denied benefits by the Employment Department, and she appealed that decision. At the hearing before a hearing officer, claimant testified, as did Sitel's employment specialist, Patricia Freshner. Claimant said that, when she interviewed with Dols, he told her that the position would be a temporary, three-day "test employment." She also acknowledged that she was told that she and a supervisor would talk on November 24 about a possible transfer, after the data entry deadline was met.

The hearing officer determined that claimant was not entitled to benefits on the ground that she had voluntarily quit work without good cause. He expressly found that claimant's job was not temporary. The EAB agreed with the hearing officer on appeal. It found that claimant had been hired for a permanent position and that the circumstances of the job were not such as to have caused a reasonable person to quit, thereby disqualifying her for benefits. Alternatively, it concluded that claimant had reached an agreement with Sitel as to a mutually acceptable termination date. Consequently, claimant's claim for benefits was denied.

On review, claimant makes two assignments of error.[1] First, she argues that she was hired for only three days and that, as a result, ORS 657.176(7) applies to her claim. That statute provides that a "voluntary leaving of work" will not result in the disqualification for benefits when four requirements are met, including that "the voluntary leaving of work occurs no more than 15 days prior to the date

---

[1] We do not understand claimant to argue that, in light of the EAB's findings, the EAB's decision is not based on substantial reason. Rather, the assignments appear to be predicated on the argument that the EAB was required to find that claimant was hired for only three days.

of the impending discharge." According to claimant, the statute contemplates a situation in which the employer has notified the worker that the worker will be discharged on a specific date. It follows, claimant asserts, that because the job was only for three days, she is entitled to benefits under the statute. In her second assignment of error, she disputes the EAB's conclusion that she mutually agreed with the employer about her discharge date. We do not reach her second assignment of error because we hold that the EAB's initial rationale is predicated on a finding that is supported by substantial evidence.

Claimant's argument is based on the premise that she was hired for only three days. That premise conflicts with the EAB's finding that claimant was hired permanently. The EAB's findings are binding on us if there is substantial evidence in the record to support them. "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). We turn to the record to determine if substantial evidence exists to support the EAB's finding that claimant was hired as a permanent employee.

Essentially, the EAB was faced with a credibility determination. Before claimant could prevail, the EAB would have had to find under ORS 657.176(7) that claimant's employment term was limited to three days. She was the only witness who testified that she was hired to work for only three days. Employer offered the testimony of its employment specialist, Freshner, who testified that she had spoken with Dols,[2] that so far as she knew, claimant's position was permanent, that it would have been abnormal for employer to hire anyone only for a three-day period, and that all temporary hiring by employer is ordinarily done through a private employment agency. Also, claimant testified that the three-day position was described by employer to be "test employment" and that she was told on November 22 that she could discuss other types of work with her supervisor on November 24, after having completed the data entry work.

---

[2] No objection was made to Freshner's testimony.

In light of that evidence, we hold that a reasonable person could disbelieve claimant's testimony that she was hired for only three days. Therefore, claimant's assignment of error, based on the premise that she had a fixed "discharge date," fails. Claimant does not challenge any of the EAB's other findings, and it follows that the EAB's determination that claimant left work voluntarily and without good cause is supported by substantial evidence.

Affirmed.